## Rogers *et al. v.* M'Daniel.

The record must show a judgment in order to give jurisdiction to the appellate court.

The written evidence relied on in the court below, should be set out in the bill of exceptions, if to be reviewed by the appellate court.

IN error from Leah county.

This was an action of *assumpsit*, founded on the promissory note of the plaintiffs in error.

The defendants below pleaded the general issue. It was proved by a certain title bond, that said note was given in part payment of a tract of land. The certificate of the register of the land office was offered in evidence to show that said land had been entered by one Pearl, previous to the purchase of the defendants below. It was also proved that notice was served on the plaintiff in the action to produce his titles, &c. All of which evidence was excluded from the jury by the court below, and a bill of exceptions tendered and signed, but neither said bond for title, nor the certificate of the register was embodied in the bill of exceptions.

Huntington, for plaintiff in error.

Per Curiam, SHARKEY, C. J.—We are compelled to dismiss this case because the record does not show a judgment, or that any judgment was rendered on the verdict of the jury. But if this defect could be obviated, there is still nothing in the record which could avail the plaintiff in error. The action was on a note, and a plea of *non assumpsit*. The bill of exceptions shows, that the defendants relied on a failure of consideration. In support of their defence, they introduced a bond to make title, in order to prove that the note was given for land. They also offered the certificate of the register to prove, that the land

[Rogers *et al. v.* M'Daniel.]

was entered by another person, but neither the bond, nor the certificate are set out in the bill of exceptions, and both were material to enable the court to judge of the nature of the contract. The bill of exceptions is also defective in not showing when the exceptions were taken.

Let the cause be dismissed.